IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE: JIMMY FRANK CAPSHAW and TERESA LYNNE CAPSHAW  
DEBTORS

CASE NO: 4:18-bk-16571 B  
CHAPTER 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The court finds that the plan as filed by the debtors complies with all provisions of Chapter 13 and with all other provisions of Title 11 of the United States Code; that all fees, charges, or amounts required under Chapter 123 of Title 28 or by the plan, to be paid before confirmation, have been paid; that the plan has been proposed in good faith and not by any means forbidden by law; that the plan complies with Section 1325 of the United States Bankruptcy Code, and that the plan should be confirmed. Therefore,

IT IS ORDERED:

1. All objections to the plan are withdrawn or, by entry of this order, overruled. The plan should be and hereby is confirmed. To effectuate the plan, the debtors shall pay to the Trustee according to the plan, which plan shall not exceed 60 months. The payments shall continue until further orders of the Court.

2. Notwithstanding any plan term to the contrary, the debtors may not obtain a refund or disbursement from the Trustee without a court order after notice and hearing except that upon conversion to a chapter 7 case, the Trustee is ordered to return undistributed postpetition wages or regular income to the debtors unless otherwise ordered by the court.

3. Notwithstanding the provisions of the chapter 13 plan, the Trustee shall receive such percentage fee of plan payments as may be periodically fixed by the Attorney General pursuant to 28 U.S.C. § 586 and pursuant to 11 U.S.C. § 1326(b)(2).

4. Whenever the plan confirmed by this Order refers to the debt, debts, claim or claims of creditors, such reference shall be construed to mean allowed claim or allowed claims. The total amount of an allowed claim shall be the amount stated on a proof of claim properly filed by or on behalf of such creditor, unless the court determines a different amount following the filing of an objection to such claim.

IT IS SO ORDERED.

Date:   May 14, 2019

/s/ Ben T. Barry  
Ben T. Barry  
United States Bankruptcy Judge

cc:   Joyce Bradley Babin  
      Knollmeyer Law Firm, P.A.  
      Jimmy Frank Capshaw and Teresa Lynne Capshaw

GO 11-4/tlg/ 214